Timothy R. Macdonald
Suneeta Hazra
ARNOLD & PORTER KAYE
    SCHOLER LLP
370 Seventeenth Street, Suite 4400
Denver, Colorado 80202
Telephone: (303) 863-1000
Timothy.Macdonald@arnoldporter.com
Suneeta.Hazra@ arnoldporter.com

*Attorneys for Plaintiff Hopi Tribe*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Hopi Tribe, | CIV. No. 85-cv-00801-SRB |
| Plaintiff, | |
| v. | **THE HOPI TRIBE'S RESPONSE TO THE NOTICE OF THE NAVAJO NATION REGARDING RENTAL PAYMENT FOR 2019** |
| The Navajo Nation, | |
| Defendant. | |

Plaintiff, the Hopi Tribe, respectfully submits this response to the Navajo Nation's Notice of the Navajo Nation Regarding Rental Payment for 2019 (March 5, 2019, Dkt. No. 351) ("Notice") and states as follows:

1.  The Navajo's Notice states that the Navajo Nation made a January 24, 2020 payment "to satisfy the Navajo Nation's rental obligations to the Hopi Tribe for the year 2019." Notice at 1 (citing *Order re 1990-95 Homesite, 1979-95 Grazing, and 1986-95 Farmsite Rental Determinations and Pre- and Post-Judgment Interest*) (Dkt. No. 317) ("Order"). The Hopi Tribe disagrees with the implication that the

Navajo Nation's payment satisfies the obligations of the Navajo Nation under 25 U.S.C. § 640d-15(a) for the rental year 2019, or that the Navajo Nation is current on the rental amounts due to the Hopi Tribe.

2. As the Notice acknowledges, *see* Notice at 2, the Bureau of Indian Affairs ("BIA") has not issued an initial rental determination for the year 2019. Accordingly, any Navajo payment for 2019 is just its own estimate. The BIA also has not issued an initial rental determination for the years 2015-2018, and any Navajo payment for those years likewise was merely an estimate.

3. On January 4, 2017, the BIA issued an initial rental determination for the years 2010-2014. Both the Hopi Tribe and Navajo Nation have appealed this determination to the Western Regional Director of the BIA. Accordingly, as for the year 2019, any Navajo payment for the years 2010-2014 is merely an estimate.

4. On March 25, 2016, the Department of the Interior's ("DOI") Interior Board of Indian Appeals ("IBIA") issued a decision reversing in part, affirming in part, and remanding decisions by the BIA Western Regional Director regarding two rental determinations, one for the year 2000 and the other for the years 2001-2009. On February 26, 2020, the Western Regional Director issued a new decision regarding those rental determinations, and they remain subject to appeal to the IBIA. Thus, any prior payment by the Navajo Nation for rental years 2000-2009 also represents an estimate of rents owed.

5. The rental amounts that the Navajo Nation owes to the Hopi Tribe for multiple rental years prior to 2000 remain non-final. The BIA has not yet issued a

post-remand determination for the rental years 1979-1995.  In 2015, the IBIA remanded the 1998-1999 rental determination to the BIA for further proceedings.  *See Order Affirming Decision in Part, Vacating in Part, and Remanding*.  60 IBIA 218 (Apr. 29, 2015).  On February 3, 2017, the Western Regional Director issued an updated rental determination for 1999, but did not address multiple issues in the IBIA's remand instructions, and the Hopi Tribe has appealed this determination.  Thus, the Navajo Nation's rental obligations to the Hopi Tribe for these years have not been resolved.  Contrary to the Notice, interest will continue to accrue as appropriate on all unpaid rents for prior rental years.

6. The Navajo Nation's calculations also rely on assumptions about how the DOI and/or BIA will address certain issues in the outstanding rental determinations, including, for example, the 1986-1995 farmsite and 1979-1995 grazing rents that were remanded to the DOI by the Court's Order and which remain pending with the agency.  *See* Dkt. No. 317.  Further, in 2011, when the Navajo Nation made a payment to the Hopi Tribe for rents owed, it acknowledged that the payment did not encompass all rents owed at that time, and the Notice does not address that prior shortfall.  *See* Dkt. No. 324 at 3.  After the DOI issues new determinations regarding the outstanding rental years, the Hopi Tribe reserves its right to challenge those determinations should it conclude that such a step is necessary and appropriate.

7. As such, the Navajo Nation's calculation merely represents its own estimates of the rents owed for particular years.  The Hopi Tribe reserves its rights to

pursue additional rents owed for all appropriate rental years, and nothing in the Navajo Nation's payment or the Hopi Tribe's receipt of those funds should be construed as a waiver or relinquishment of the Hopi Tribe's rights under the relevant statutes or otherwise.

Dated:  March 19, 2020

                Respectfully submitted,

                **ARNOLD & PORTER KAYE SCHOLER LLP**

                By:   /s/ Timothy R. Macdonald
                Timothy R. Macdonald
                Suneeta Hazra
                370 Seventeenth Street, Suite 4400
                Denver, Colorado 80202
                (303) 863-1000
                Timothy.Macdonald@arnoldporter.com
                Suneeta.Hazra@arnoldporter.com

                *Attorneys for Plaintiff the Hopi Tribe*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patterson Victor Joe
Patterson V Joe PC
Email: Patterson.Joe@azbar.org

Larry A Hammond
Osborn Maledon PA
Email: lhammond@omlaw.com

Alice Elizabeth Walker
Gregg H. DeBie
Meyer, Walker, Condon & Walker PC
Email: awalker@mmwclaw.com
Email: gdbie@mmwclaw.com

Edward J Passarelli
US Dept of Justice - Environmental & Natural Resources
Email: Edward.Passarelli@USDOJ.gov

Daniel G Steele
US Dept of Justice ENRD NRS
Email: daniel.steele@usdoj.gov

Doreen N. McPaul, Attorney General
Navajo Nation Department of Justice
Email: dmcpaul@nndoj.org

/s/ Rebecca A. Golz